## RUSSELL et al. v. JONES, Appellant.

**Division One, May 25, 1904.**

**APPELLATE PRACTICE: Lawsuit: No Instructions or Exceptions.** Where an ejectment suit is tried by the court sitting as a jury, and no instructions are asked or given, and no exceptions taken to any ruling of the court during the trial, there is nothing before the appellate court for review, and the judgment will be affirmed.

Appeal from Mississippi Circuit Court.—*Hon. J. F. Green,* Special Judge.

AFFIRMED.

*H. C. O'Bryan* for appellant.

*Russell & Deal* for respondent.

VALLIANT, J.—Plaintiffs sue in ejectment for the possession of twelve acres of land off of the south end of the southeast quarter of the northeast quarter of section 30, township 27, range 16, in Mississippi county.

It was stipulated at the trial that the land in question was swamp land within the meaning of the act of Congress of September 28, 1850, entitled, "An Act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits."

By the government survey prior to 1874 that part of section 30 which is the subject of this suit, was not surveyed, because at the time of that survey it was under water. By that survey the full north half of the northeast quarter of section 30 was surveyed, but only a fraction of the south half of the same quarter was surveyed, the north half containing eighty acres, and the fractional south half 59.65 acres, and it was so platted in the government land office.

But in 1874 another government survey was made which embraced that portion of the south half of the northeast quarter of section 30 which had been omitted from the first survey, and it was so platted in the government land office.

March 15, 1870, the county court of Mississippi county issued a patent to George Whitcomb, calling for the fractional south half of the northeast quarter of section 30, containing 59.65 acres.

The title that passed by that patent is now owned by the defendant.

The plaintiff's evidence showed title to the land from the United States to the State of Missouri under the swamp land act of Congress of 1850; a patent covering the land in question from the United States to the State of Missouri, dated November 13, 1878; a patent from the State to the county of Mississippi, dated April 2, 1878; a patent from the county to E. J. Deal, dated August 12, 1896; and a deed from Deal to Russell for a half interest, dated November 9, 1896.

The land in suit is not embraced in the patents under which the defendant claims, but is embraced in those under which the plaintiffs claim. The defendant claims, however, that this land is a natural accretion to the 59.65 acres covered by his patents, formed by the recession of the water in what he calls the lake, that existed there when the survey under which he claims was made. The plaintiffs claim that the water was never a lake, but only such that covers swamp land; that the land was not an accretion to defendant's land but was swamp land; wet, but not the bed of a lake. The parties having stipulated at the trial that this was swamp land, there should have been no question about it. Nevertheless, the question of whether this was in fact an accretion to the plaintiff's land was tried by the court.

The cause was tried by the court, jury waived.

There was evidence which defendant thinks tended to show that it was an accretion, and there was evidence

to the contrary; the court found the issue of fact for the plaintiffs. There were no instructions asked or given, no exceptions taken to any ruling of the court during the trial.

Under such condition of the record before us, there is really nothing for this court to review.

The judgment is affirmed. All concur except *Robinson, J.,* absent.